# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL D. MOOMEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-29 SNLJ |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Michael D. Moomey, an inmate at St. Charles County Department of Corrections, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff=d* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Complaint**

Plaintiff, a pretrial detainee at St. Charles County Department of Corrections, brings this action under 28 U.S.C. § 1983, alleging Missouri Revised Statute § 221.070 is unconstitutional. Section 221.070 requires offenders committed to county jails, who plead guilty or are found guilty, to bear the expense of transport to the jail and "support while in jail." Plaintiff states that he has not read the statute, but that he believes it violates the Equal Protection Clause, constitutes cruel and unusual punishment, violates the Privileges and Immunities Clause, and violates the Due Process Clause. He also brings state law claims for unjust enrichment and intentional infliction of emotional distress.

Plaintiff alleges he has been charged a $10.00 booking fee, a wristband fee, medical fees, and a fingerprint fee. He states that, according to his inmate account, he is in debt over $500.00 to the St. Charles County Department of Corrections.

**Discussion**

Prisoners do not have a clearly established federal right to receive free medical care. *See, e.g.*, *Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir. 1997) ("Although the Supreme Court has held that a state must provide inmates with basic medical care, the Court has not tackled the question whether that care must be provided free of charge."); *Fant v. Fisher*, 414 F. Supp. 807, 808 (D. Okla. 1976) ("The court cannot accept plaintiff's claim that he is absolutely entitled to free medical services. So long as free medical services may not be demanded of the State as a right by its free citizens, it is unreasonable to suggest that such free services may be demanded by a convicted felon. Persons convicted of felonies do not acquire by virtue of their convictions a constitutional right to services and benefits that are not available as of right to persons never convicted of criminal offenses."). As a result, plaintiff's claims for free medical services and other free services and benefits do not state a claim under the constitution. Even if plaintiff's allegations that he is entitled to free medical care and other free services and benefits were to state a claim under the constitution, defendant Scott A. Lewis would be entitled to qualified immunity.

Additionally, the Court notes that plaintiff has pled not guilty to the charges for which he is being held in St. Charles County—domestic assault and armed criminal action charges. *See State v. Moomey*, No. 1711-CR02906-01 (St. Charles County, filed Aug. 29, 2017). Plaintiff's charges are pending, and his trial date is set for June 18, 2018. Section 221.070 applies to "Every person who shall be committed to the common jail within any county . . . for any offense or misdemeanor, *upon a plea of guilty or a finding of guilt for such offense*, . . . shall bear the

expense of . . . his or her support while in jail." Mo. Rev. Stat. § 221.070 (emphasis added). Because plaintiff has not plead guilty or been found guilty, § 221.070 is not applicable, and his case is not ripe for adjudication. *See Parrish v. Dayton*, 761 F.3d 873, 875-76 (8th Cir. 2014) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotations omitted)).

Finally, plaintiff's arguments regarding violations of the Equal Protection Clause are frivolous. Plaintiff states that federal inmates confined to the St. Charles County Department of Corrections are not responsible to the jail for fees. He claims he is "similarly situated" to these federal prisoners, and seeks the benefit of not having to pay fees. The Court notes for plaintiff that federal inmates are confined under the laws of the United States of America, and not Missouri state law, and therefore Missouri Revised Statute § 221.070 is inapplicable to these inmates. Because these inmates are being held subject to different legal authority, they are not similarly situated to plaintiff for purposes of applying Missouri's statutes.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of June, 2018.

                                                      STEPHEN N. LIMBAUGH, JR.
                                                      UNITED STATES DISTRICT JUDGE